**[Cite as *State v. Gibson*, 2011-Ohio-4540.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                                                                    :

                                     :        Appellate Case No. 2010-CA-21

        Plaintiff-Appellee                                                       :

                                     :        Trial Court Case No. 10-CRB-41

v.                                                                                            :

                                     :

JAMES ELDON RAY GIBSON                                         :        (Criminal Appeal from

                                     :        Common Pleas Court)

        Defendant-Appellant                                                   :

                                     :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 9th day of September, 2011.

. . . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

RONALD R. BOBLITT, Atty. Reg. #0033097, 2 West Columbia Street, Suite 220, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant James Eldon Ray Gibson appeals from his conviction and sentence for Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04(A) and (B)(3), a felony of the third-degree, following a plea of guilty. Gibson's assigned counsel has filed a brief under the authority of *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reciting that he could find no potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is

Affirmed.

I

{¶ 2} In March 2010, Gibson was charged by indictment with one count of Forcible Rape, in violation of R.C. 2907.02(A)(2); one count of Unlawful Sexual Conduct with a Minor, in violation of 2907.04(A) and (B)(3); and one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1). All offenses involved the same minor victim. The first two counts alleged conduct occurring some time between May and August, 2008, when the victim was thirteen years old. The last count alleged conduct on February 10, 2010, when the victim was fifteen years old. Gibson was 39 at the time of the conduct alleged in the first two counts; he was 41 at the time of the conduct alleged in the third count.

{¶ 3} Gibson alleged, in his statement to the investigating police officer, that the charged conduct was all consensual. The victim alleged that it was not consensual.

{¶ 4} In a plea bargain, Gibson pled guilty to Unlawful Sexual Conduct with a Minor, a third-degree felony, and the State dismissed the other two counts. Gibson was sentenced to four years for the offense, to be served concurrently with an eleven-month sentence he was then serving for Permitting Drug Abuse. He was also fined $200,[1] and was classified as a Tier II sexual offender, with reporting and registration requirements appropriate to that category.

{¶ 5} From his conviction and sentence, Gibson appeals.

II

{¶ 6} Gibson's assigned appellate counsel has filed a brief under the authority of *Anders v. California*, reciting that counsel has been unable to find any potential assignments of error having arguable merit. By entry filed herein on May 4, 2011, we afforded Gibson an opportunity to file his own, pro se brief within 60 days. He has not done so.

{¶ 7} Counsel identified one potential assignment of error that he considered, but found lacking any arguable merit: "THE TRIAL COURT ERRED BY ABUSING ITS DESCRETION [sic] BY IMPOSING FOUR YEARS INCARCERATION."

{¶ 8} We agree that this potential assignment of error has no arguable merit. Gibson could have received a sentence of

---

[1]The trial court announced a fine of $250 at the sentencing hearing, but the judgment entry reflects a fine of $200. If the judgment entry, which controls, is erroneous in this regard, that error obviously works to Gibson's benefit, and is not prejudicial to him.

one, two, three, four, or five years for the offense to which he pled guilty. Or, he could have received community control sanctions as a sentence. We find no arguable merit to a claim that the trial court abused its discretion in imposing a four-year sentence.

{¶ 9} To begin with, Gibson received a benefit, through the plea bargain, of avoiding conviction on the more serious charge of Forcible Rape. Although Gibson did indicate some remorse, in his statement to the investigating police officer, he downplayed his responsibility by claiming that the victim had initiated sexual intercourse with him, and that he had been cut off from his long-time girlfriend by a no-contact order in another case in which he and she were co-defendants (presumably leaving him more vulnerable to the seductive wiles of his victim). The victim indicated that the sexual intercourse was not consensual at all, occurring over her protestations. And, the victim's account is far more credible than Gibson's, which had the victim initiating, and having, vaginal intercourse with him while he was seated at a kitchen table with her parents, playing cards.

{¶ 10} Furthermore, this was not Gibson's first offense. He had prior convictions for Disorderly Conduct by Intoxication, Domestic Violence (as a fourth-degree misdemeanor), Assault, Driving Under a Financial Responsibility Act Suspension, Possession of Drug Paraphernalia and Possession of Marijuana, Permitting Drug Abuse (a fifth-degree felony), and Obstructing Official Business and Disorderly Conduct. Gibson had received ten days in jail (in addition to 20 days suspended) on the Domestic Violence conviction; fines and costs on the other misdemeanor convictions; and, initially, three years of community control sanctions on the Permitting Drug Abuse conviction.

{¶ 11} Gibson received two "second-chances" for violations of his community control sanction conditions for Permitting Drug Abuse, in January and in August 2009, before finally having his community control sanctions revoked for a violation in February 2010. This is ample justification for the trial court's finding, announced orally at the sentencing hearing "that Defendant is not amenable to community control."

{¶ 12} We have performed our duty, under *Anders v. California*, to review the entire record in search of any potential assignments of error having arguable merit. We have found none. The plea colloquy was thorough. Gibson and his trial counsel were both afforded the opportunity to be heard at the sentencing hearing, and both availed themselves of that opportunity. At the conclusion of both the plea and sentencing hearings, the trial court asked counsel for both parties if they wished to "seek anything else today." Each time, defense counsel responded in the negative.

III

{¶ 13} After reviewing the entire record, we conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

Nick Selvaggio
Ronald Boblitt
James Eldon Ray Gibson
Hon. Roger B. Wilson